### B. Mattfield v. T. M. Cotton et al.

Decided November 2, 1898.

**1. Deed—Identity of Grantor—Idem Sonans.**

A deed signed Anton Metzzer, conveying land patented to Anton Metzger, is not, on its face, the conveyance of the patentee, and, without proof to identify them, was properly excluded.

**2. Surprise—Postponement—New Trial.**

Surprise of a party at discovering on the trial a mistake in the record of his deed will not be ground for postponement or for new trial, where by due diligence he would have discovered the error and have been prepared with the necessary evidence.

Appeal from Runnels. Tried below before Hon. J. O. Woodward.

*Jenkins & McCartney, C. H. Willingham,* and *C. O. Harris,* for appellant.

*Rector & Rector* also filed a motion for rehearing, which was overruled.

*Guion & Truly,* for appellees.

Fisher, Chief Justice.—This is an action of trespass to try title brought by Mattfield against Cotton and others. The land was originally patented to Anton Metzger. Plaintiff, in deraigning title, offered in evidence a deed from Anton Metzzer to one E. H. Sieling. Appellees objected to the admission of this deed on the ground of irrelevancy, mainly because it had no connection with the title that emanated from the sovereignty of the soil, they contending that Metzger and Metzzer were not idem sonans. The court sustained these objections and excluded the deed, and its ruling in this respect is the main question presented in this case.

No evidence was offered by the appellant tending to establish that this deed was really executed by Anton Metzger. There was an agreement between the parties that certified copies from the records of deeds might be used where the originals would be admissible; but in that agreement there was no waiver of any objections that might be urged to the introduction of the record evidence on account of immateriality or irrelevancy.

When the court excluded the deed, appellant claimed that he was surprised by the ruling and made a motion to continue the case, asserting therein that a mistake was evidently made by the officer in recording the original deed, and that the original deed could be procured, which would show that the conveyance was executed by Anton Metzger, the original grantee, and that that fact could be established by evidence, which motion was overruled, and judgment was entered in favor of the defendants. And thereafter a motion for a new trial was made, which was overruled, wherein the same grounds were urged as were set up in the motion for continuance.

There are many authorities upon the question of idem sonans, many of which have been examined and the conclusion reached that Metzger and Metzzer are two different names, not of the same sound; and consequently there was no error in the ruling of the court in excluding the deed; nor do we think that the court abused its discretion in declining to continue the case in order for the appellant to procure the original deed or evidence tending to establish that it was really executed by Anton Metzger. The deed, the copy of which was offered in evidence and excluded, had been recorded in Runnels County several years prior to the trial; and as a matter of law the plaintiff must have known that Metzger and Metzzer were not the same names, and that if he relied upon a title emanating from Metzger he should have come prepared to establish that fact. The statement that he made in the application for a continuance and also in the motion for a new trial, clearly shows that he could have procured such testimony if he had been diligent. In the nature of things he must have known that the necessity therefor existed before the trial of the case, and that he was likely to be confronted on the trial with the very objection that was urged to the admission of this deed. There was nothing in the agreement of counsel authorizing the introduction of certified copies that was calculated to lull the diligence of the appellant, for the privilege was reserved in that agreement to urge the same character of objections to the admission of copies in evidence as was in fact urged upon the trial.

We find no error in the ruling of the court; therefore, we affirm the judgment of the court below.

*Affirmed.*